25CA0531 Martinez v ICAO 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0531
Industrial Claim Appeals Office of the State of Colorado
DD No. 951-2025

Kaley Padilla Martinez,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Kuhn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Kaley Padilla Martinez, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment compensation benefits case, claimant, Kaley Padilla Martinez, appeals a determination that her lump-sum retirement payment reduced her benefits.  We affirm.

## I.     Background

¶ 2     Martinez separated from her employment in July 2024 and applied for benefits.  On her application, she disclosed that she had taken an early withdrawal from her 401(k) as a lump-sum payment and did not intend to reinvest it.  A deputy for the Division of Unemployment Insurance determined that her benefits were reduced under section 8-73-110(3)(a)(I), C.R.S. 2025.  That section provides that an individual's weekly benefit amount shall be reduced (but not below zero) by (1) the prorated weekly amount of a "pension, retirement or retired pay, or annuity that has been contributed to by a base period employer"; or (2) "the prorated weekly amount of any other similar periodic or lump-sum retirement payment from a plan, fund, or trust which has been contributed to by a base period employer."
§ 8-73-110(3)(a)(I)(B)-(C).

¶ 3     Martinez requested a hearing, asserting that she had "cashed out" her 401(k) to avoid a foreclosure on her home.  She explained

1

that the entire amount was over $25,000, but that after taxes she received $18,000. She used approximately half of that to pay a roofing company lien on her home, and she put the remaining amount in a savings account. She asserted that she was fighting the lien and cashed out the 401(k) due to "threats and bullying" from the roofing company to foreclose on her home.

¶ 4 At the hearing, she confirmed that her gross usual weekly wage before separating from employment was $1,157.43. She also verified that the gross amount she withdrew from her 401(k) was $25,846.57, and that her employer contributed to that account. The hearing officer then asked, "When you filled out the [unemployment] application, you said [that] you did not intend to reinvest. Is that correct?" Martinez replied, "Yes." Martinez then testified that she had to take the money out "quick" due to threats of foreclosure from the roofing company. She explained that she had a case against the roofing company now, and "if we win this case, I'm hoping we get the money back. And my intent . . . is to put it back . . . with the 401(k)."

¶ 5 The hearing officer affirmed the deputy's determination and disallowed benefits for twenty-two weeks. The hearing officer

acknowledged that Martinez withdrew the money "to save ownership of her home," but found that the disallowance was "required under Colorado law."

¶ 6     Martinez appealed to the Panel.  She contended that her withdrawal was "not income" and should be "treated similarly to withdrawing from a savings account."  She also continued to assert that she planned to reinvest some of the withdrawal in the future. The Panel affirmed the hearing officer's decision, noting that the "statute does not provide any equitable exceptions" and "the hearing officer's mathematical calculations are correct."

## II.     Standard of Review

¶ 7     We are bound by the hearing officer's and the Panel's findings of fact that are supported by substantial evidence in the record. *Mesa Cnty. Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78, ¶ 17.  As now relevant, we may set aside a Panel's determination only if the findings of fact do not support the decision or the decision is erroneous as a matter of law.  *See* § 8-74-107(6)(c)-(d), C.R.S. 2025.

## III. Analysis

¶ 8 Martinez, representing herself on appeal, argues that the statute should not apply. She reiterates that she is trying to "get money back and to reinvest in a Roth IRA." She also asserts that she cannot afford to "pay for the mechanical lien case and over $11,000 to pay back to unemployment," and that her unemployment benefits pay her mortgage and some utilities.

¶ 9 After reviewing the record and the applicable law, we conclude that the Panel correctly applied the statute, and no exceptions apply. Section 8-73-110(3)(a)(II)(B) provides that a weekly benefit is not reduced by a lump-sum retirement payment if a claimant "presents proof . . . within fourteen calendar days from [the] date of [the] claim or sixty calendar days of receipt of [the] lump-sum payment, whichever is later," that the total payment has been reinvested into a retirement account. While Martinez expresses her wishes to reinvest at least a portion of the distribution to a retirement account in the future, she makes no claim that she reinvested any of it within the required time period. Therefore, as far as we can discern from the record, the reinvestment exception doesn't apply. *See Laszar v. Indus. Claim Appeals Off.*, 230 P.3d

1263, 1264 (Colo. App. 2010) (the claimant didn't meet the reinvestment exception). And, no matter the circumstances, we aren't at liberty to create an exception to the statute. *See Town of Telluride v. Lot Thirty-Four Venture, L.L.C.*, 3 P.3d 30, 35 (Colo. 2000).

¶ 10 The Colorado Supreme Court has held that the "offset provision plainly expresses the legislature's intent that [unemployment] benefits be offset when the base period employer has contributed to the claimant's retirement fund." *Indus. Claim Appeals Off. v. Colo. Dep't of Lab. & Emp.*, 2013 CO 52, ¶ 15. Martinez withdrew the entire amount of her 401(k) in a lump-sum distribution and didn't reinvest it under the applicable statutory scheme. We discern no error in the Panel's conclusion that her benefits must be offset accordingly.

## IV. Disposition

¶ 11 The Panel's order is affirmed.

JUDGE KUHN and JUDGE MOULTRIE concur.